BERCH, Justice,
concurring in part and dissenting in part.
¶ 93 I concur in that portion of the opinion affirming Murdaugh’s convictions. Op. ¶¶ 28-47. I part ways with my colleagues, however, on the issue of sentencing.
¶ 94 In Ring v. Arizona, 536 U.S. 584, 589, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (Ring II), the Supreme Court held that, in capital sentencing proceedings, “any fact on which the legislature conditions an increase” in punishment must be tried by a jury. The import of the case is that juries must decide fact questions that bear on sentencing unless, beyond a reasonable doubt, the questions cannot reasonably be resolved other than as the trial judge resolved them. State v. Ring, 204 Ariz. 534, 560, ¶79, 65 P.3d 915, 941 (2003) (Ring III) (requiring proof beyond a reasonable doubt); State v. Pandeli, 204 Ariz. 569, 572, ¶ 9, 65 P.3d 950, 953 (2003); see also Blakely v. Washington, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
¶ 95 On review of Ring’s sentence on remand in that case, this court held that the imposition of aggravating factors was subject to review for harmless error. Ring III, 204 Ariz. at 555, ¶ 53, 65 P.3d at 936. We have conducted harmless error reviews even in those cases in which the defendant has pled guilty and hence arguably agreed to be sentenced by the court. See, e.g., State v. Sansing, 206 Ariz. 232, 234-35, ¶¶ 1-3, 77 P.3d 30, 32-33 (2003); A.R.S. § 13-703.01(A) (Supp.1995) (requiring independent review of trial court’s findings of aggravating and mitigating circumstances). We do so to ensure that the state has carried its burden of proving the existence of the aggravating factors beyond a reasonable doubt. Ring III, 204 Ariz. at 563, ¶ 94, 65 P.3d at 944.
¶ 96 In amending Arizona’s sentencing statute to comport with the Ring II mandate, the legislature extended the requirement of jury findings to cover all sentencing factors — that is, to include mitigating circumstances as well as aggravating circumstances. See 2002 Ariz. Sess. Laws, 5th Spec. Sess., ch. 1, § 1 (codified at A.R.S. § 13-703). The fair import of these authorities is that questions of fact that bear on sentencing must be decided by the jury.
¶ 97 Soon after the passage of Arizona’s new sentencing statute, this court applied the *38 new provisions, remanding for resentencing a case involving aggravating factors very similar to the ones at issue in this case. Pandeli, 204 Ariz. at 572, ¶¶ 10-11, 65 P.3d at 953. In Pandeli, after affirming the (F)(2) factor and finding the evidence of the mutilation component of the (F)(6) factor “overwhelming and essentially uncontroverted,”[8] we nonetheless concluded that a jury’s “different finding of mitigating circumstances could affect the determination whether the mitigating circumstances are ‘sufficiently substantial to call for leniency.’ ” Id. ¶ 10. We therefore reversed and remanded that case for resentencing. The same result should occur in Murdaugh’s case.
¶ 98 Murdaugh pled guilty and stipulated to certain facts that we may accept as established for purposes of the guilt phase of this case. See Sansing, 206 Ariz. at 234, 235, ¶¶ 1, 8, 77 P.3d at 32, 33. Nonetheless, we must analyze whether the State has met its burden of proving the aggravating factors so conclusively that no reasonable jury could have decided them other than as the trial judge did. Ring III, 204 Ariz. at 563, ¶ 93, 65 P.3d at 944. We cannot merely decide that we would have ruled as the trial judge did or that the evidence supports the trial judge’s determinations; instead we must be satisfied that no reasonable jury could decide the matter otherwise. See id. I do not have that level of comfort with the judicial fact-finding in this case.
¶ 99 I agree with my colleagues that the State has established that Murdaugh committed an offense for which a sentence of life imprisonment or death was imposable. See Op. ¶ 54; A.R.S. § 13-703(F)(1). I have concerns, however, with respect to the § 13-703(F)(6) “heinous, cruel or depraved” aggravating factor.
¶ 100 As the majority opinion correctly notes, see Op. ¶¶ 58-59, the heinous and depraved elements of this aggravating factor turn on the defendant’s mental state, as it might be evidenced by the “Gretzler” factors.[9] State v. Gretzler, 135 Ariz. 42, 52, 659 P.2d 1, 11 (1983). In a case with similar facts on this issue, we concluded that given the defendant’s history of paranoia and personality disorder, a jury might decide that the defendant’s mental state precluded him from forming the required intent. State v. Moody, 208 Ariz. 424, 473, ¶ 231, 94 P.3d 1119, 1168 (2004). The same situation appertains in this case. There was substantial evidence that Murdaugh was a mental mess. Indeed, the trial judge found that Murdaugh was a chronic drug abuser who was specifically impaired by crystal meth at the time of the murder. Op. ¶ 27. The judge also found as mitigating factors that Murdaugh suffered from a personality disorder and paranoid thoughts that affected his mental abilities. Id. A jury might find these circumstances more important than the judge did in deciding the (F)(6) issue. We cannot know. This possibility alone requires that the sentencing in this case be remanded to a jury.
¶ 101 Although the trial court found the element of “relishing” the murder, this court concluded that the State failed to prove that factor beyond a reasonable doubt. Op. ¶ 61. I agree.
¶ 102 A reasonable jury might also conclude that the State has not proved beyond a reasonable doubt that the manner of killing, a blow or blows to the victim’s head, was sufficiently out of the norm of first degree murdei'S to warrant a finding of heinousness. If it could reasonably do so, we would defer to that finding. A jury should be given the opportunity to decide the question.
¶ 103 The mutilation of the victim’s body is the clearest of the Gretzler factors and the one on which the majority relies to establish heinousness or depravity.[10] Op. ¶¶ 62-63. While Murdaugh clearly did mutilate the victim’s body, his reason for doing so was not to *39 debase or insult the victim, but rather to avoid detection. That being the case, the jury might conclude that it was not “needless.” Op. ¶ 64. But even if the jury did find the mutilation factor, as it likely will, it might weigh that factor differently than the trial judge did.
¶ 104 The court concludes, beyond a reasonable doubt, that the murder was “senseless.” Op. ¶ 64 (citing State v. Hyde, 186 Ariz. 252, 281, 921 P.2d 655, 684 (1996)). While I agree that most jurors probably would also find the murder senseless, I cannot say that this court would necessarily reverse the verdict of a jury that found this murder not to have been more senseless than other first degree murders. This is a fact question that a jury should decide.
¶ 105 Fact questions also exist regarding the “helplessness” consideration. While again I would certainly affirm a jury verdict that finds the victim to have been helpless, I cannot say beyond a reasonable doubt that a jury would be unreasonable in finding the victim not to have been especially helpless— or so helpless as to separate him from the “norm” of murder victims.
¶ 106 These are the kinds of fact-based determinations that the Supreme Court and our legislature have said jurors should make. Although the jurors will probably decide the issues as the trial judge in this case did, we cannot know that they would do so, and the Defendant has the right to try to persuade them to do otherwise. The jurors may weigh more heavily Murdaugh’s mental state or find the murder not to be so much above the norm of first degree murders in terms of heinousness or depravity that it warrants imposition of the death penalty.
¶ 107 Let me stress that this court would certainly affirm the verdict of any jury that found these aggravating factors to exist and decided the case precisely as the trial judge did. But that is not the standard for deciding whether to affirm the findings of aggravating circumstances by a trial judge. The question before us is whether, if a jury found that the murder was not especially cruel, heinous or depraved, we would conclude that no reasonable jury could have so found. See Pandeli, 204 Ariz. at 572, ¶ 9, 65 P.3d at 953. I do not think we would.
¶ 108 But even if I could agree with respect to the judge’s determination of the facts relating to the aggravating factors, I cannot do so with respect to the mitigating factors. The opinion acknowledges that “some evidence supported a finding of the statutory mitigating factor [of drug impairment] under A.R.S. § 13-703(G)(1),” but notes that the trial judge “found that the factor had not been proven by a preponderance of the evidence.” Op. ¶73. Under Bing II and Arizona’s new implementing statute, it was not the province of the trial judge to make that determination. A jury might have found otherwise. The Defendant has the right to present the facts bearing on sentencing to a jury. See A.R.S. § 13-703(C) (jurors need not unanimously agree that mitigating factors have been proved by a preponderance of the evidence).
¶ 109 Moreover, a jury must be given the opportunity to consider and weigh the other mitigating factors. The trial judge found eight non-statutory mitigating factors. See Op. ¶ 80. Who can say that a jury would not have found more? Or fewer? Nor can I confidently say, beyond a reasonable doubt, that the jurors would have weighed the mitigating factors the way the trial judge did. I cannot know whether the jurors would weigh as lightly as the trial judge did Murdaugh’s impairment from drug use at the time of the murder, his diminished mental abilities, his cooperation, his remorse, or his desire to spare his family and the victim’s family. They might well; but they would not be unreasonable if they gave greater weight to such factors.
¶ 110 As we did in Pandeli, I would also conclude here that reasonable jurors might find other mitigating factors to exist or might weigh the aggravating and mitigating factors differently than the trial judge did. 204 Ariz. at 572, ¶ 10, 65 P.3d at 953.
¶ 111 In short, I would affirm Murdaugh’s convictions and allow the trial judge’s legal finding of the (F)(1) aggravator to stand. But I would find that the error in judge-sentencing was not harmless, and would therefore reverse the sentencing and remand *40 to allow a jury to find those factors that would increase the penalty to death and those that might tilt the scales in favor of leniency, and to weigh those factors in the critical life and death balance. I think such a result is required by Ring II, Ring III, Blakely, and A.R.S. § 13-703.01.

. The defendant cut off the victim’s nipples. Pandeli, 204 Ariz. at 572, ¶ 9, 65 P.3d at 953.

. Because the majority finds the "heinous or depraved” elements unequivocally established, the opinion does not analyze the "cruelty” element. Op. ¶¶ 57-59. For that reason, this dissent will not address that element.

. As the opinion correctly notes, a finding of mutilation will by itself support a finding of heinousness or depravity. Op. ¶ 62 (citing State v. Spencer, 176 Ariz. 36, 44, 859 P.2d 146, 154 (1993)).